UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.:

MIRIAM MADRID VELASQUEZ, and all others
similarly situated under 29 U.S.C 206(b),

    Plaintiff,

v.

CATE STAR, LLC, a Florida limited liability
company d/b/a BUFFET CITY and MING FENG
ZHUO, individually,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Miriam Madrid Velasquez ("Velasquez"), on behalf of herself and all others similarly situated under the provisions of the Fair Labor Standard Act ("FLSA") of 1938, as amended, 29 U.S.C. § 216(b), files this Complaint against Defendants, Cate Star, LLC d/b/a Buffet City ("Buffet City") and Ming Feng Zhuo ("Zhuo") (collectively referred to as the "Employer") and alleges, as follows:

### PARTIES, JURISDICTION, AND VENUE

1. This Court has subject matter jurisdiction over Plaintiffs' federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343(4), because these claims seek redress for violations of Plaintiffs' federal civil and statutory rights.

2. At all material times, Buffet City is a Florida limited liability company, authorized to conduct and conducting business in Hernando County, Florida.

3. At all material times, Plaintiff is and was a resident of Hernando County, Florida.

4. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §§ 1391(b) and (c) as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

5. This action is brought by Plaintiff to recover from the Employer unpaid minimum and overtime wage compensation, as well as an additional amount as liquidated damages, costs and reasonable attorney's fees pursuant to the FLSA, §§ 206, 207.

6. Upon information and belief, the annual gross revenue of Buffet City was at all times material hereto in excess of $500,000.00 per annum.

7. At all material times hereto, Buffet City was and continues to be an enterprise engaged in interstate commerce.

8. At all material times hereto, Buffet City operated as an organization which purchased equipment and products manufactured outside the state of Florida; provided services to or sold, marketed, or handled goods and materials to customers throughout the United States; provided services for goods sold and transported from across state lines; obtained, solicited, and accepted funds from sources outside the state of Florida; used telephonic transmissions traversing state lines in the ordinary course of business; transmitted funds outside the state of Florida; and otherwise regularly engaged in interstate commerce.

9. As a result of the services provided by Buffet City, two or more of its employees regularly handled and worked with goods and materials moved in or produced in interstate commerce.

10. By reason of the foregoing, Buffet City is and was, during all times material hereto, an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §§ 203(r)-(s), and Plaintiff is within interstate commerce.

11.     Plaintiff and those similarly-situated employees, regularly utilized and handled materials, equipment and goods manufactured and purchased from outside the state of Florida and regularly used the instrumentalities of interstate commerce in their world.

## GENERAL ALLEGATIONS

12.     Upon information and belief, Employer employed Plaintiff from approximately July 5, 2016 through March 31, 2017 ("the relevant time period").

13.     During the relevant time period, Plaintiff was employed as a kitchen assistant/runner.

14.     Plaintiff worked from Tuesday through Sunday from approximately 10:00 a.m. to 10:30 p.m. or 11:30 p.m. each day.

15. Throughout her employment with Buffet City, Plaintiff worked an average of seventy-two (72) hours per week, forty (40) regular hours and thirty-two (32) overtime hours during the relevant time period.

16.     Plaintiff worked a total of 288 hours per month, and was paid $2000.00 dollars a month, or an average of $6.94 per hour.

17.     Upon information and belief, Zhuo is an officer/director of Buffet City and has economic control of Buffet City, and of the nature and structure of Plaintiff's employment relationship with Buffet City.

18.     At all material times, Buffet City's gross annual revenues were in excess of $500,00.00

19.     Employer willfully and intentionally failed/refused to pay to Plaintiff the federally required minimum and overtime rates for all hours she worked.

20. Employer knew of the overtime requirements of the Fair Labor Standards Act and willfully/intentionally/recklessly failed to investigate whether their payroll practices were in accordance with the Fair Labor Standards Act.

21. As a result, Plaintiff has suffered damages and is entitled to receive overtime compensation.

22. Plaintiff has complied with all conditions precedent to filing this action.

23. Plaintiff had retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fee.

## COUNT I - VIOLATIONS OF THE OVERTIME PROVISIONS OF FLSA AGAINST BUFFET CITY

24. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-three (23) above.

25. This is a collective action against Buffet City for overtime compensation pursuant to 29 U.S.C. § 216(B).

26. Upon information and belief, Buffet City has employed several other similarly situated employees, like Plaintiff, who have not been paid overtime for work performed in excess of forty (40) hours weekly, within three (3) years from the filing of this Complaint,

27. During the relevant time period, Plaintiff routinely worked in excess of forty (40) hours per week for Buffet City. Specifically, Plaintiff estimates that she worked thirty-two (32) hours of overtime per week for Buffet City.

28. Plaintiff was a non-exempt employee, entitled to be paid at the rate of one and one-half for all hours worked in excess of forty (40) hours per week.

29. Buffet City knew or should have known that Plaintiff suffered or was permitted to work overtime for Buffet City as defined in 29 U.S.C. § 203 (g).

30. Buffet City failed and/or refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rates for which she was employed, contrary to the provisions of 29 U.S.C. § 207 (a).

31. At all material times, Buffet City knew or should have known that such refusal and/or failure is prohibited by the FLSA and intentionally and willfully violated the FLSA as cited herein.

32. At all material times, Buffet City failed/refused to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Plaintiff.

## COUNT II - VIOLATIONS OF THE OVERTIME PROVISIONS OF FLSA AGAINST MING FENG ZHUO

33. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-three (23) above.

34. This is a collective action against Zhuo for overtime compensation pursuant to 29 U.S.C. § 216(B).

35. Upon information and belief, Zhuo currently employs and has employed several other similarly situated employees, like Plaintiff, who have not been paid overtime for work performed in excess of forty (40) hours weekly, within three years from the filing of this Complaint.

36. Defendant, Zhuo, had operational control of Plaintiff and is therefore and employer pursuant to 29 U.S.C. § 203(d).

37. During the relevant time period, Plaintiff routinely worked in excess of forty (40)

hours per week for Zhuo. Specifically, Plaintiff estimates that she worked thirty-two (32) hours of overtime per week for Zhuo.

38. Plaintiff was a non-exempt employee, entitled to be paid at the rate of one and one half for all hours worked in excess of forty (40) hours per week.

39. Zhuo knew or should have known that Plaintiff suffered or was permitted to work overtime for Employer as defined in 29 U.S.C. §203 (g).

40. Zhuo failed and/or refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rates for which she was employed, contrary to the provisions of 29 U.S.C. §207 (a).

41. At all material times, Zhuo knew or should have known that such refusal and/or failure is prohibited by the FLSA and intentionally and willfully violated the FLSA as cited herein.

42. At all material times, Zhuo failed/refused to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Plaintiff.

## COUNT III-
## MINIMUM WAGE VIOLATION AGAINST BUFFET CITY

44. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-three (23) above.

45. The FLSA requires that Buffet City pay Plaintiff a required minimum wage per hour, 29 U.S.C. § 206(a). The FLSA requires that Buffet City, have a regular pay period and make reasonably prompt payments in issuing pay for the work performed in the pay period. The failure to "promptly pay" minimum wages due to Plaintiff constitutes a minimum wage violation under the FLSA. *Olson v. Superior Pontiac-GMC, Inc.*, 765 F.2d 1570, 1579 (11th Cir. 1985), modified 77 F.2d 265 (11th Cir. 1985); see also *Biggs v. Wilson*, 1 F.3d 1537, 1530-40 (9th Cir. 1993).

46. Buffet City knew of and showed reckless disregard for the provisions of the FLSA

because Buffet City knew or should have known that Plaintiff's work schedule required her to work 72 hours per week, and their payment to Plaintiff of $2,000.00 dollars per month did not constitute a lawful minimum under either Federal or Florida law.

47. Buffet City willfully and intentionally failed to pay Plaintiff and those similarly-situated employees their full minimum wages by making the conscious decision to pay Plaintiff a salary which failed to compensate Plaintiff at the applicable minimum wage wages for all of Plaintiff's hours worked per week.

48. Buffet City did not have a reasonable objective belief that it was not required to pay Plaintiff's minimum wages.

## COUNT IV
## MINIMUM WAGE VIOLATION AGAINST MING FENG ZHUO

49. Plaintiff re-alleges the allegations contained in paragraphs one (1) through twenty-three (23) above.

50. The FLSA requires that Buffet City pay Plaintiff a required minimum wage per hour, 29 U.S.C. § 206(a). The FLSA requires that Buffet City, have a regular pay period and make reasonably prompt payments in issuing pay for the work performed in the pay period. The failure to "promptly pay" minimum wages due to Plaintiff constitutes a minimum wage violation under the FLSA. *Olson v. Superior Pontiac-GMC, Inc*., 765 F.2d 1570, 1579 (11th Cir. 1985), modified 77 F.2d 265 (11th Cir. 1985); see also *Biggs v. Wilson*, 1 F.3d 1537, 1530-40 (9th Cir. 1993).

51. Zhuo knew of and showed reckless disregard for the provisions of the FLSA because Buffet City knew or should have known that Plaintiff's work schedule required her to work 72 hours per week, and their payment to Plaintiff of $2,000.00 dollars per month did not constitute a lawful minimum under either Federal or Florida law.

52. Zhuo willfully and intentionally failed to pay Plaintiff and those similarly-situated employees their full minimum wages by making the conscious decision to pay Plaintiff a salary which failed to compensate Plaintiff at the applicable minimum wage wages for all of Plaintiff's hours worked per week.

53. Zhuo did not have a reasonable objective belief that he was not required to pay Plaintiff's minimum wages.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

54. Plaintiff hereby demands a jury trial of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Miriam Madrid Velasquez, respectfully requests that judgment be entered in her favor against Defendants, Cate Star, LLC d/b/a Buffet City, and Ming Feng Zhuo, as follows:

(a) Declaring pursuant to 28 U.S.C §2201 and §2202, that the acts and practices of the Defendants complained of herein are in violation of the overtime wage provisions of the FLSA;

(b) Permanently enjoining the Defendants, their agents, officers and employees from engaging in all practices found by this court to be in violation of the overtime wage provisions of the FLSA;

(c) Awarding Plaintiff damages against Defendants, for lost and withheld compensation, and overtime compensation for all hours that she worked for Defendants over forty (40) hours per week, but for which she was not compensated at the required overtime rate;

(d) Awarding Plaintiff liquidated damages;

(e) Awarding Plaintiff reasonable attorney's fees, costs, interest, and expenses of this litigation pursuant to 29 U.S.C. §216(b); and Section 448.08, of the Florida Statutes.

(f) Ordering any other further relief that this Court may deem just and proper.

Dated this 31st day of July, 2017.

Respectfully Submitted,

By: /s/ Monica Espino
Monica Espino, Esq.
Florida Bar No. 834491

Espino Law
2250 SW 3 Avenue, 4th Floor
Miami, FL 33129
Email:  me@espino-law.com
Secondary Email: legal@espino-law.com
Tel.: 305.704.3172
Fax: 305.722.7378
